## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RRR Hotel, LLC d/b/a Clarion Hotel and Conference Center<br>815 N Pottstown Pike<br>Exton, PA 19341,<br><br>      Plaintiff,<br><br>      v.<br><br>Selective Insurance Company of South Carolina, a division of Selective Insurance Company of America<br>3426 Torringdon Way #200<br>Charlotte, NC 28277<br><br>      Defendant. | Civil Action<br>No.:<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiff RRR Hotel, LLC, d/b/a Clarion Hotel and Conference Center ("Clarion Hotel" or "plaintiff"), by and through its counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against defendant Selective Insurance Company of South Carolina, a division of Selective Insurance Company of America ("defendant" or "Selective Insurance") hereby say, state, and aver as follows:

### PARTIES

1. Plaintiff has a principal place of business of 815 N Pottstown Pike, Exton, PA 19341.

2. Defendant, an insurance company with a principal place of business at 3426 Toringdon Way # 200, Charlotte, NC 28277, is licensed to do business and write insurance policies in the Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is based upon 28 U.S.C. §1332 as plaintiff and defendant

are citizens of different states and the amount in controversy exceeds $75,000.00.

4. This Court may maintain personal jurisdiction over defendant because defendant's contacts with this Sate and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. 1391, venue is properly laid in this district because a substantial part of the transactions and issues giving rise to plaintiff's claims occurred in this judicial district.

## FACTS

6. At all times relevant, plaintiff owned a property, operating as a hotel, located at 815 N Pottstown Pike, Exton, PA 19341 ("Property").

7. On April 12, 2017, the Property was insured by defendant under a policy number S-2248723 ("Policy").

8. The Policy was issued to plaintiff, and negotiated by plaintiff, at plaintiff's principal please of business.

9. The Policy is an all risk policy.

10. At all relevant times, plaintiff complied with all of the requirements and conditions set forth in the Policy.

11. On or about April 12, 2017, an underground pipe containing pollutants broke causing damage to the Property.

12. The plaintiff sustained damage in the form of the cost to clean up and remove the pollutant, the cost to repair the pipe, and loss of business.

13. All of these losses are covered under the Policy.

14. Plaintiff notified defendant of the loss immediately, requesting that defendant pay

the damage caused by the loss.

15. Despite its obligation to do so, defendant has refused to insure the damage caused by the loss for which plaintiff sought coverage.

### COUNT ONE (BREACH OF CONTRACT)

16. The foregoing paragraphs are incorporated at length as if set forth fully herein.

17. The Policy covering the Property in this matter was and is a valid contract entered into by the parties, and acknowledged to be binding by plaintiff and defendant as parties to the contract and to this action.

18. That at all times, plaintiff acted properly and within its rights under the contract, and performed all duties under the Policy.

19. That the damage to the plaintiff's Property was a recoverable loss under the terms of the Policy for which the defendant was responsible to pay.

20. That despite the demand by plaintiff and the obligation of defendant, defendant has refused to provide full coverage for plaintiff's loss, as required under the Policy.

21. That defendant's failure to provide complete coverage for plaintiff's loss was in breach of its contract with plaintiff.

22. That due to defendant's breach of its obligations under the contract, plaintiff has been damaged.

**WHEREFORE**, plaintiff demand judgment in their favor against defendant in an amount exceeding $100,000.00, and as may be further determined at the time of trial, including pre- and post-judgment interest, costs of suit, and such other legal and equitable relief as this Court deems just and proper.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY

Dated: 9-27-17

_____
Jeffrey P. Resnick, Esquire
East Gate Corporate Center
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Please take notice that the plaintiff demands a trial by jury as to all issues in the above matter.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY

Dated: 9-27-17

_____
Jeffrey P. Resnick, Esquire
East Gate Corporate Center
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Attorneys for Plaintiff*